**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | | |
|---|---|---|
| DEONTA EVANS, | : | |
| BOP REG NO. 58247-019, | : | CRIMINAL INDICTMENT NO. |
|     Movant, | : | 1:06-CR-0331-1-TWT |
| | : | |
|     v. | : | CIVIL ACTION NO. |
| | : | 1:08-CV-0241-TWT |
| UNITED STATES OF | : | |
| AMERICA, | : | |
|     Respondent. | : | |

## ORDER AND OPINION

Movant seeks via 28 U.S.C. § 2255 to challenge the constitutionality of the

121-month sentence he received for his January 29, 2007, bank robbery by force

or violence conviction in this Court. The matter is before this Court on the 28

U.S.C. § 2255 motion to vacate, set aside or correct sentence [Doc. 62] and the

Government's answer-response [Doc. 67].


I.    Background

On August 1, 2006, the federal grand jury returned a two count indictment

charging Movant and two co-defendants with bank robbery by force or violence

(count 1) and use of a firearm during the commission of a bank robbery (count 2).

(Doc. 21.) The Government offered the three co-defendants the choice of pleading

guilty either to count 1 or count 2.  (Doc. 49 at 2.)  On November 1, 2006, Movant

pled guilty, pursuant to a negotiated plea agreement, to the charge of bank robbery

(count 1) and his co-defendants chose to plead guilty to the charge of using a

firearm during the bank robbery (count 2).  (Docs. 45, 46 and 47.)  As part of the

plea agreement, Movant waived his right to appeal and collaterally attack his

sentence unless this Court imposed a sentence which was "higher than the

otherwise applicable advisory sentencing guideline range."  (Doc. 45-2, plea

agreement at 4-5.)

Before accepting Movant's plea, this Court engaged in the following

discussion with him and his attorney, Paul Stephen Kish:

> The Court:  Do you know of any reason why I should not accept the
> plea of guilty here today?
>
> Mr. Kish:  No, judge.  And I want to put on the record the fact that
> the Government offered – this is a case with a one-count
> bank robbery and a 924(c) count in which I think the
> parties are agreeing that the 924(c) count will have a
> mandatory 84-month sentence.  Mr. Evans and I have
> had significant discussions about how, from the
> Government's point of view, the calculation of the
> guidelines, even if they drop the 924(c), will be in
> excess of 84 months.  But after having thorough
> discussions with Deonta, he has decided that he thinks
> he will come out better by pleading straight up to the
> bank robbery, but that is in essence the deal that we

have reached and I think that is what he has decided to do here.

The Court:  Do you agree with that, Mr. Evans?

Mr. Evans:  Yes, sir.

The Court:  And do you think pleading guilty to County One is in your best interest?

Mr. Evans:  Yes, sir.

The Court:  And you are doing that after consultation with your lawyer and following his advice?

Mr. Evans:  Yes, Sir.

The Court:  Mr. Kish, have you had sufficient time to discuss this matter fully with your client prior to his entry of a plea of guilty here today?

Mr. Kish:  I have.

The Court:  Mr. Evans, do you feel that you have had sufficient time to think about and discuss this matter fully with your attorney before entering a plea of guilty here today?

Mr. Evans:  Yes, sir.

The Court:  Are you satisfied with the representation of your lawyer in the case?

Mr. Evans:  Yes, sir.

(Doc. 66, guilty plea hearing transcript at 10-11.)

AO 72A
(Rev.8/82)

On January 26, 2007, Movant received a 121-month sentence for his conviction. (Docs. 50 and 53.) On January 29, 2007, the Judgment and Commitment Order was entered by the Clerk of the Court. (Doc. 53.)

On January 18, 2008, this 28 U.S.C. § 2255 motion to vacate, set aside or correct sentence was received by the Clerk of the Court. (Doc. 62.) Movant raises the following three claims of ineffective assistance of counsel: (1) counsel rendered ineffective assistance by advising Movant to plead guilty to bank robbery instead of use of a firearm during the commission of a bank robbery; (2) counsel was ineffective by failing to argue that this Court should not give him more than a one point enhancement for the monetary loss to the bank; and (3) counsel was ineffective by failing to appeal the two point enhancement for the monetary loss to the bank as requested by Movant. (Id. at 5-13.) As relief, Movant asks this Court to permit him (1) to withdraw his guilty plea and allow him to plead to the Government's original offer and (2) to file an out-of-time appeal. (Id. at 14.)

On May 5, 2008, the Government filed its response. (Doc. 67.) The Government maintains that Movant's grounds for relief are without merit. (Id., throughout.)

4

II.     Standard of Review and Evidentiary Hearing

A federal prisoner may file a motion to vacate his sentence "upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255(a). "It has, of course, long been settled law that an error that may justify reversal on direct appeal will not necessarily support a collateral attack on a final judgment." United States v. Frady, 456 U.S. 152, 164 (1982). "Once the defendant's chance to appeal has been waived or exhausted, [] we are entitled to presume he stands fairly and finally convicted. . . ." Id.

An evidentiary hearing is not warranted if "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b). See Diaz v. United States, 930 F.2d 832, 834 (11th Cir. 1991) (noting that, although a prisoner seeking collateral relief is entitled to an evidentiary hearing if relief is warranted by his alleged facts, which the court must accept as true, a hearing is not required if the record conclusively demonstrates that

5

no relief is warranted).  Thus, no hearing is required where, as here, the case is ready for disposition.

III.    <u>Analysis</u>

Movant has alleged three instances of counsel failing to provide effective assistance.  This Court will set forth the standard for evaluating such claims and then review the merits of Movant's grounds for relief.

      A.    <u>The Federal Standard for Evaluating Claims of Ineffective Assistance of Counsel</u>

The federal standard for evaluating ineffective assistance of counsel claims was developed in <u>Strickland v. Washington</u>, 466 U.S. 668, 687 (1984).  The analysis is two-pronged.  However, a court need not address both of these prongs "if the defendant makes an insufficient showing on one."  <u>Id.</u> at 697.

One asserting a claim of ineffective assistance of counsel must first show that "in light of all the circumstances, the identified acts or omissions were outside the wide range of professionally competent assistance."  <u>Id.</u> at 690.  A court analyzing <u>Strickland</u>'s first prong must be "highly deferential" and must "indulge a strong presumption that counsel's conduct falls within the wide range of

reasonable professional assistance." Id. at 689; Atkins v. Singletary, 965 F.2d 952, 958 (11th Cir. 1992) ("We also should always presume strongly that counsel's performance was reasonable and adequate; and a petitioner alleging ineffectiveness bears the burden of overcoming this strong presumption."). "Where, as here, a defendant is represented by counsel during the plea process and enters his plea upon the advice of counsel, the voluntariness of the plea depends on whether counsel's advice was within the range of competence demanded of attorneys in criminal cases." Hill v. Lockhart, 474 U.S. 52, 56 (1985) (internal quotation omitted).

The second prong of Strickland, requires Movant to demonstrate that counsel's unreasonable acts or omissions prejudiced him. "An error by counsel, even if professionally unreasonable, does not warrant setting aside the judgment of a criminal proceeding if the error had no effect on the judgment." Strickland, 466 U.S. at 691. To satisfy Strickland's prejudice prong, Movant "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." Id. at 694. Grayson v. Thompson, 257 F.3d 1194, 1225 (11th Cir. 2001) ("Under the

prejudice prong of <u>Strickland</u>, it is not enough for the defendant to show that the errors had some conceivable effect on the outcome of the proceeding.") (internal quotation omitted); <u>Bennett v. Fortner</u>, 863 F.2d 804, 809 (11th Cir. 1989) (<u>Strickland</u>'s prejudice prong is not satisfied by making speculative allegations of prejudice). In order to demonstrate that counsel's unreasonable acts rendered Movant's guilty plea unknowing and involuntary, he is required to "show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty." <u>Hill</u>, 474 U.S. at 59.

B.    <u>Ground One</u>

In ground one, Movant contends counsel rendered ineffective assistance by encouraging him to plead guilty to the bank robbery charge instead of the firearms charge. In support, Movant states that counsel informed him that pleading guilty to bank robbery would result in a sentence no longer than seven years (84 months), and he would likely receive a shorter sentence. (Doc. 62 at 6.) Movant also notes that his two co-defendants received 84-month sentences while his sentence was for 121 months, even though his involvement in the bank robbery was less culpable than theirs. (<u>Id.</u> at 7.) According to Movant, had counsel properly informed him

8

of the possible sentence he could receive, he would have pled guilty to the firearm charge and not the bank robbery charge. (Id. at 10.)

The record undercuts Movant's first ground for relief. The plea agreement explicitly stated that Movant faced a maximum sentence of 25 years. (Doc. 45-2, plea agreement at 2.) The plea agreement also informed Movant that this Court would "consider, among other factors, the provisions of the United States Sentencing Guidelines" and "that no one can predict his exact sentence at this time." (Id.) As noted in Part I, Movant's attorney informed this Court that Movant understood that his sentence would likely be greater than 84 months, but "he has decided that he thinks he will come out better by pleading straight up to the bank robbery." (Doc. 66, guilty plea hearing transcript at 10.) Movant then confirmed to this Court that he agreed with his attorney's statement. (Id. at 11.) Before accepting Movant's guilty plea, this Court asked Movant if he understood that, while there was no mandatory minimum, he faced a maximum sentence of 25 years, and he replied in the affirmative. (Id. at 14.) Movant also acknowledged that he understood that this Court could not predict his exact sentence at that time, and that the sentencing guidelines would be considered before he was sentenced. (Id.)

9

Movant's claim that counsel performed unreasonably by misinforming him with regard to the maximum sentence is contradicted by Movant's testimony at the guilty plea hearing. Additionally, because this Court "clearly explained the potential maximum sentence . . . at the plea proceeding," Movant was not prejudiced by counsel's alleged misstatement of the maximum sentence prior to pleading guilty to bank robbery. Matthews v. United States, 114 F.3d 112, 114 (8th Cir. 1997); Cruz v. United States, 188 F. App'x 908, 914 (11th Cir. July 11, 2006) (no ineffective assistance of counsel where the "court also explained to her the maximum penalties and that the sentence imposed could be different from any estimate given to her by her lawyer or anyone else") (unpublished opinion); Deloach v. Wainwright, 777 F.2d 1524, 1525 (11th Cir. 1985) ("guilty plea was made knowingly and voluntarily" when "the trial judge at one point misstated the maximum sentence applicable to murder, but corrected this misstatement later during discussions with Deloach, and his family members"). Movant's first ground for relief does not demonstrate that counsel's performance was unreasonable and prejudicial.

In so concluding, this Court understands that Movant received a longer sentence than his co-defendants. However, Movant chose to plead guilty to a

different crime. Movant may regret his choice, but he has failed to show that the choice was made due to ineffective assistance of counsel.

   C.   Grounds Two and Three

   In ground two, Movant contends that counsel rendered ineffective assistance by failing to argue that Movant should receive no more than a one point enhancement for the monetary loss to the bank. In ground three, Movant argues that counsel was ineffective by failing to appeal the two point enhancement for the monetary loss to the bank as requested by Movant. Relatedly, Movant claims that this Court "reinstated" his "right to file an appeal." (Doc. 62 at 12.)

   These two grounds for relief are based on an incorrect premise. In determining Movant's sentence, this Court only added one point to his base offense level for the monetary loss to the bank. (Doc. 69, sentencing hearing transcript at 14.) Therefore, Movant received the one point enhancement which he maintains is the proper one. "Strickland does not compel an attorney to urge an argument which he reasonably finds to be futile, let alone one he finds to be false." Bush v. Singletary, 988 F.2d 1082, 1092-93 (11th Cir. 1993). Nor does this Court believe that there was a reasonable probability Movant, as a "rational defendant," would have pursued an appeal of his sentence after consulting with counsel on this

AO 72A
(Rev.8/82)

matter.  <u>Roe v. Flores-Ortega</u>, 528 U.S. 470, 480 (2000).  Grounds two and three fail to demonstrate ineffective assistance of counsel.

This Court also wishes to make clear to Movant that his appeal rights were not reinstated during sentencing.  At the sentencing hearing, this Court stated that Movant had the right to appeal a "fundamental defect in the proceedings that was not waived by your guilty plea."  (Doc. 69, sentencing hearing transcript at 25.)  Then after informing Movant of the appeal procedures, this Court stated:  "Mr. Evans, what I just said doesn't affect the fact that you waived your right to appeal as part of your plea agreement."  (<u>Id.</u>)

IV.  <u>Conclusion</u>

**IT IS ORDERED** that this 28 U.S.C. § 2255 motion to vacate, set aside, or correct sentence [Doc. 62] is **DENIED**.


SO ORDERED, this 9 day of October, 2009.


/s/Thomas W. Thrash
THOMAS W. THRASH, JR.
United States District Judge


12